IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICIA COLEMAN HERBERT, :
:
    Plaintiff, : CIVIL NO. 4:CV-06-1273
:
v. : (Judge Jones)
:
SYRACUSE, NEW YORK :
WELFARE OFFICE, et al., :
:
    Defendants. :

**O R D E R**

July 7, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff Patricia Coleman Herbert ("Plaintiff" or "Herbert") an inmate at the Lehigh County Prison in Allentown, Pennsylvania, commenced this action by filing a *pro se* civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. Although the complaint is difficult to read, Plaintiff apparently names several Defendants from Syracuse, New York (Larry White, Wyshonda Coleman, and the Syracuse Welfare Office) as well as several Defendants from Florida (Paul Caruso, Tekeyla Sparrow, Sheriff Dyers, Anita Ross, Lt. Henry, Sgt. Sabrina Thomas, West Palm Beach County Jail, Belle Glade County Jail, Florida Prisoner Transport Vans, Broward County Corrections, Governor Bush, Florida Department of Corrections Inspector General,

and Tomeny Brice). (Rec. Doc. 1 at 1). Plaintiff appears to challenge the propriety of treatment she received from New York State officials when she had a child, and she holds New York State officials responsible for neglect of her child. Specifically, she alleges that her "daughter has been in a foster home for all [of] her life" where she was neglected and abused. Id. at 2, ¶ IV. 1. Plaintiff asks the Court to relocate her children to Allentown, Pennsylvania, and she wants her "child's father to face [her] daughter & grandchildren and be a man." Id. at 4. For the following reasons, the Court will transfer this action to the United States District Court for the Northern District of New York.

**DISCUSSION**:

Venue for actions brought pursuant to § 1983 is governed by the provisions of 28 U.S.C. § 1391(b). Under § 1391(b), venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise may be brought. Although the Defendants are located in both Florida and New York, the primary complaint expressed by Plaintiff is the abuse of her child and the father's abandonment, which she attributes to the

Syracuse, New York Defendants. She "holds [officials in Syracuse] responsible of not letting my baby['s] daddy come forth and face his legal problem that he is the father." (Rec. Doc. 1 at 4.) Thus, the action appears to focus on the Defendants from Syracuse, New York, which is located in the Northern District of New York. Moreover, the allegations in the complaint arise from events or omissions that occurred in Syracuse. Therefore, the proper venue for this action is the Northern District of New York. See 28 U.S.C. § 1391(b).

When venue is improper, as in this case, a court may transfer the case to the district court "in which it could have been brought." 28 U.S.C. § 1406(a). In the interest of justice, therefore, this case will be transferred to the United States District Court for the Northern District of New York.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 5) is GRANTED.

2. The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York.

3. The Clerk of Court is directed to close the file for this case.

John E. Jones III
United States District Judge

3