UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PATRICIA COLEMAN HERBERT,

                 **Plaintiff,**

           v.                                    5:06-CV-848
                                                   (FJS/GHL)

SYRACUSE, NEW YORK WELFARE
OFFICE; SHERIFF SHERMAN DYESS;
ANITA ROSS; LT. HENRY; SGT.
SABRINA THOMAS; WEST PALM BEACH
COUNTY JAIL; BELLE GLADE COUNTY
JAIL; FLORIDA PRISON TRANSPORT VANS;
POLICE HIGHTOWER; and BETTY DAWKINS,

                 **Defendants.**
_____

**APPEARANCES**                                       **OF COUNSEL**

**PATRICIA COLEMAN HERBERT**
Allentown, Pennsylvania 18102
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

      The Clerk of the Court has sent Plaintiff's civil rights complaint to the Court for its review.[1] Plaintiff originally filed this action in the Middle District of Pennsylvania on June 26, 2006. That court transferred the matter to this Court. Prior to the transfer, that court granted Plaintiff's application to proceed *in forma pauperis* and ordered that her inmate authorization form be filed with her custodian.

---

[1] Plaintiff is presently incarcerated at the Lehigh County Prison in Allentown, Pennsylvania.

## II. DISCUSSION

**A.      Rules governing pleading requirements**

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, No. 95 CIV 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in pertinent part,

> **(b) Paragraphs; Separate Statements.** All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Fed. R. Civ. P. 10(b).

The purpose of Rule 10 "is to 'provide an easy mode of identification for referring to a particular paragraph in a prior pleading . . . .'" *Sandler v. Capanna*, Civ. A. No. 92-4838, 1992 WL 392597, *3 (E.D. Pa. Dec. 17, 1992) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy a burden for the

defendants in shaping a comprehensive defense, provides no meaningful basis for the court to assess the sufficiency of the plaintiff's claims, and is properly subject to dismissal. *See Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is 'usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Hudson*, 1998 WL 832708, at *2 (quotation omitted). Therefore, in those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

**B.     Allegations in the complaint**

In reviewing Plaintiff's complaint, the Court has followed the Second Circuit's instructions that courts should construe the pleadings of *pro se* litigants liberally and should excuse technical pleading irregularities, provided that those irregularities "neither undermine the purpose of notice pleading nor prejudice the adverse party." *Phillips v. Girdich*, 408 F.3d 124, 127-28 (2d Cir. 2005) (citations omitted). Having completed its review, the Court concludes that Plaintiff's complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure because it does not set forth enough factual information for the Court to determine the nature of her claims.

It appears that Plaintiff is attempting to set forth claims against various individuals

associated with the welfare office[2] in Syracuse, New York, who were involved in the placement of Plaintiff's child in foster care. However, Plaintiff has failed to set forth the identities of the individuals involved in the alleged wrongdoing and the role that each of those individuals played in the handling of the case involving her daughter. Moreover, Plaintiff has failed to include the actions that each of these individuals took, as well as the date and place where the events occurred.[3]

Since Plaintiff's complaint clearly does not comply with the requirements of Rules 8 and 10 of Federal Rules of Civil Procedure for the above-stated reasons, the Court advises Plaintiff that, unless she files an amended complaint **within thirty (30) days** from the date of the filing of this Order, the Court will dismiss this action. Any such amended complaint, **which shall supersede and replace in its entirety the previous complaint that Plaintiff filed**, must contain a caption that clearly identifies, by name, each individual and/or entity that Plaintiff is suing in this lawsuit and must bear the case number assigned to this action.

In addition, the body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph.** Thus, if Plaintiff claims that more than one Defendant violated her civil and/or constitutional rights or that Defendants violated her civil and/or constitutional rights on more than one occasion, she

---

[2] Plaintiff may be referring to the Onondaga County Department of Social Services. However, Plaintiff has not sufficiently identified the actual agency or the individuals involved in the alleged wrongdoing.

[3] The Court advises Plaintiff that "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)) (other citations omitted).

shall include a corresponding number of paragraphs in her amended complaint for each such allegation, with each paragraph specifying (1) the alleged act of misconduct; (2) the date on which such misconduct occurred; (3) the names of each and every Defendant who participated in such misconduct; (4) where appropriate, the location where the alleged misconduct occurred; and (5) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights. Moreover, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims against each and every Defendant that she names in such amended complaint that she wishes the Court to consider as a basis for awarding her the relief she seeks herein. **The Court will dismiss any Defendant against whom Plaintiff does not allege specific instances of wrongdoing in the body of her amended complaint.**

### III. CONCLUSION

Accordingly, having reviewed Plaintiff's complaint and the applicable law and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff may file with the Court, **within thirty (30) days** from the date of the filing of this Order, **an amended complaint**, which complies fully with Rules 8 and 10 of the Federal Rules of Civil Procedure and the terms of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint **within thirty (30) days** from the date of the filing of this Order, the Clerk of the Court shall enter judgment dismissing this action without further Order of this Court due to Plaintiff's failure to comply with the terms of this Order and the requirements of the above-mentioned Federal Rules; and the Court further

**ORDERS** that, if Plaintiff fails to allege specific acts of misconduct on the part of any

individuals and/or entities that she decides to name as Defendants in any amended complaint that she files in this action, the Court will dismiss this action with respect to those individuals and/or entities against whom Plaintiff fails to allege specific acts of misconduct; and the Court further

**ORDERS** that, upon the filing of Plaintiff's amended complaint, the Clerk of the Court shall return the file in this matter to the Court for further review; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: September 25, 2006
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge